## TOMASELLI v. SACCO.

## SACCO v. TOMASELLI.

(Circuit Court of Appeals, First Circuit. March 8, 1912.)

### Nos. 943, 944.

MASTER AND SERVANT (§ 278*)—INJURY TO WORKMAN—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

Evidence in an action for injury to a workman while digging a ditch in a street *held* to warrant a finding that his employer was negligent in failing to warn him against a defective condition of the soil, known to the employer, but unknown to the workman.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954–972, 977; Dec. Dig. § 278.*]

In Error to the Circuit Court of the United States for the District of Rhode Island.

Action by Raffaele Sacco against Antonio G. Tomaselli. From the judgment, both parties bring error. Affirmed as to defendant's petition in error; plaintiff's petition dismissed.

Patrick P. Curran (John E. Canning and Comstock & Canning, on the brief), for plaintiff.

Alexander L. Churchill (Walter B. Vincent, Henry M. Boss, Jr., Ralph T. Barnefield, and Vincent, Boss & Barnefield, on the brief), for defendant.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. In this case the plaintiff below sought to recover for personal injury received while engaged in the work of digging a ditch for sewer purposes in East Providence. The work was under the general management of Tomaselli, who was carrying it forward under a contract.

It appeared from the evidence that some years before a ditch had been dug through the same street for water pipes, and the new ditch being dug by the workmen at the time the plaintiff was injured was running parallel to it and within a very few feet of it. The evidence tended to show that its fill was of such a character as to render the new ditch more likely to cave in, and the evidence was such as to warrant the jury in finding that Tomaselli knew about its existence, and

that the injured workman had no knowledge of it. Tomaselli furnished lumber for shoring the new ditch, something which is often used in ditches to prevent their caving in; but none had actually been used in the new ditch at the place of injury. The evidence also tended to show that dirt replaced in a ditch never resumes its original conditions of solidity and strength, and the fact of the existence of the old ditch so near the one which was being dug presented an element of hazard, because the earth between the two was liable to topple over, and the evidence tended to show that the caving in occurred because there was only a narrow strip of solid, virgin earth between the old ditch and the new. All questions under the first, second, and third counts were ruled against the plaintiff, and the single point saved to him was founded upon an alleged duty to warn the workmen in respect to the old ditch. Under the evidence we think such conditions were described as would entitle the plaintiff to recover, provided the facts were found in accordance with that theory of danger. The instructions to the jury were full and comprehensive, and all questions about the shoring and the failure to use the shoring, and all fellow servant questions, were expressly removed from the case, and the simple question submitted to the jury was whether the defendant should have warned the workman of the hidden danger, to the end that he might have seen for himself and have guarded against the danger as the new excavation proceeded. We perceive no error in the statements of the learned judge in respect to what was said about the duty, and he left it to the jury to say whether under all the circumstances the master fully discharged his duty to the laborers by informing them of the hazard which he knew, and which was not within the knowledge of the workmen.

The only legal proposition involved in what was submitted had reference to the duty upon the employer to tell the employé of the hazard not visible, but which he knew about, and that proposition was made to depend upon the facts whether there was danger, whether the superintendent knew it, whether the employé did not know it, and whether warning would have safeguarded him. We see no error in the legal proposition, and under the instructions the facts must have all been found against the defendant, in order that a verdict for the plaintiff should have been reached.

In No. 943, the judgment of the Circuit Court is affirmed, with interest and costs.

In No. 944, the plaintiff's right of recovery having been established in No. 943, there is no necessity for reviewing the questions ruled against him in respect to the first, second, and third counts, and the writ of error in No. 944 is dismissed, without costs, as it has become a moot case.